UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| JOHN PAUL GREER | ) | |
| --- | --- | --- |
| Plaintiff. | ) | |
| V. | ) | NO. 2:17-CV-30-HSM |
| NANCY BERRYHILL, Acting Commissioner of Social Security | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the standing order of the Court, SO-09-01, referring all complaints for judicial review of denial of Social Security benefits to the assigned magistrate judge for disposition of all pretrial motions and for reports and recommendations on all dispositive motions.

The Plaintiff's Motions for Default Judgment [Docs. 9, 11] and Defendant's Motion to Dismiss [Doc. 7] are before the Court. For the reasons more fully stated below, the undersigned **RECOMMENDS** that both Motions for Default Judgment [Docs. 9, 11] be **DENIED** and the Motion to Dismiss be **GRANTED**.

**I.  Background**

In 2011, the Commissioner denied Plaintiff Social Security Disability Income ("SSDI") benefits under Title II of the Social Security Act ("SSA"). The Court will refer to this as Plaintiff's "2011 claim." Her denial of Plaintiff's 2011 claim was upheld by the Appeals Council in 2013 [Doc. 1-2, p. 29]. Plaintiff appealed that denial to this Court, which affirmed the decision finding him not disabled. See *Greer v. Comm'r of Soc. Sec.*, 2:13-cv-00158, 2014 WL 4095251 (E.D.

1

Tenn. Aug. 19, 2014).

In 2016, Plaintiff applied for and was awarded Supplemental Security Income ("SSI") benefits under Title XVI of the SSA [Doc. 1-2, pp. 25-36]. During the course of this application, he requested the Commissioner to consider evidence pertaining to his 2011 claim. The Commissioner refused to reopen the 2011 claim. Notwithstanding that, the Commissioner found Plaintiff disabled and awarded him benefits under Title XVI.

On February 13, 2017, Plaintiff filed this complaint, challenging the Commissioner's decision not to reopen his 2011 claim. Plaintiff alleges in his complaint that "[t]he SSA refused to consider new and substantial evidence supporting a Title II SSDI claim for social security benefits (CFR 404.989) that would have changed the outcome of the claim." [Doc. 1, p.1]. He filed with his complaint a three page type written letter.

In this letter, Plaintiff first claims that he provided two items of new evidence he believes support his 2011 claim that had not been reviewed by the ALJ [Doc. 1-1, p. 1]. Plaintiff sought to present this material regarding his 2011 claim at his 2016 SSI hearing and asserts he was told that the SSDI evidence "must be reviewed before the hearing officer can move on to SSI as the payment source for benefits. (Rule #404.989 CFR)." [Doc. 1-1, p. 1]. Plaintiff next asserts that his 2016 hearing was postponed to permit a psychological consultation examination. He then alleges the following:

> Yet, during the hearing I was informed by my then attorney, that the ALJ wasn't going to consider the psychological in my case at all. She proceeded to tell my father that his IQ was below normal functioning level and that the psychologist recommended that my father may not be left alone at home. Apparently, the evaluation also identified that the condition that my father suffers from has been there for many years. Certainly, before the first Social Security benefits hearing in 2011. We don't have a copy of that psychological evaluation, so I am unable to submit it at this time. It was ordered and performed by disability services.

[Doc. 1-1, p. 2]. Plaintiff's third claim is that the "ALJ … absolutely refused to reopen the previous claim for Title II SSDI benefits" when the Plaintiff tried to submit evidence supporting the prior

2

SSDI claim. [Doc. 1-1, p. 2]. Plaintiff specifically asserts he attempted to show the transcript of the 2011 hearing and a cardiology report applicable to the 2011 claim, and the ALJ refused to accept or review it. [*Id*.]

Finally, Plaintiff states he "appealed [to the Appeals Council] the fact that the [ALJ] of July 2016 had refused to reopen my claim for SSDI benefits, even though there was new evidence submitted that supported claim." [Doc. 1-1, p. 3]. The Appeals Council denied relief and Plaintiff alleges it did not address his complaints [as set forth in Doc. 1-2, pp. 40-45], all of which focused on the ALJ's refusal to reopen the 2011 claim in his 2016 hearing regarding his new and unrelated SSI application. While his appeal is from this successful 2016 claim, he does not challenge the Commissioner's award of SSI benefits.

In lieu of an answer, the Commissioner moved to dismiss the Complaint for lack of subject matter jurisdiction and for the failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.Pro. 12(b)(1) and (6) [Doc. 7]. Plaintiff moved for a default judgment claiming that the Commissioner failed to answer, although the primary focus of the motion is a response to the Commissioner's motion to dismiss. [Doc. 11]. Plaintiff has twice filed the same memorandum in response to the Rule 12 dismissal motion with duplicative exhibits, along with an objection to the motion [Docs 8, 10]. On July 20, 2017, Plaintiff filed a reply to the Commissioner's July 5, 2017, response to his motion for default judgment that focuses on the substance of the dismissal motion rather than his default judgment motion [Doc. 14].[1] The respective motions are ripe for resolution.

## II.     Plaintiff's Motions for Default Judgment

After Plaintiff filed this action on February 13, 2017, [Doc. 1], summons were issued and served upon the Commissioner, U.S. Attorney, and Attorney General with the earliest service date

---

[1] Plaintiff's various filings contain in excess of 150 pages of duplicate arguments and exhibits. His latest reply of July 20, 2017, filed multiple exhibit pages in the record for the third time. [Doc. 14]. Duplicative and repetitive filings are unnecessary.

being February 22, 2017, for service on the Commissioner [Docs. 2-4]. The Commissioner moved for an extension of time to file a response on April 20, 2017 [Doc. 5]. Plaintiff did not object to the motion. The Court granted the extension giving the Commissioner "up to and including May 24, 2017 to file a response." [Doc. 6]. On May 23, 2017, the Commissioner filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), tolling the time in which she had to file an answer [Doc. 7].

Plaintiff subsequently filed, citing Fed.R.Civ.Pro. 55(a) and (d), two motions for default judgment [Docs. 9 & 11] along with two documents that purport to be memoranda in support of the default judgment motions, [Docs. 10 & 12].[2] The default judgment motions each move the Court to "enter a default judgement [sic] against Defendant in the favor of the Plaintiff's Complaint due to the Defendant's lack of defense against the Plaintiff's Complaint pursuant to R. Civ. P. 55(a), (d)." Plaintiff fails to explain the basis of his motions for default judgment. Neither the motions nor the memoranda contain any substantive discussion of this issue or identify grounds for relief. As noted, the Commissioner filed a motion to dismiss which tolled the time to file an answer to the complaint.

Fed R.Civ.Pro. 55 governs defaults and default judgments. Obtaining a default judgment under this Rule involves two steps: "(1) the party seeking a default judgment first files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and (2) once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *Skidmore v. Boilermaker-Blacksmith Nat. Pension Trust*, 2009 WL 1362067, at *3 (E.D. Tenn. May 13, 2009).

The Court notes that Defendant has not failed to answer or otherwise respond to the complaint. Fed.R.Civ.Pro. 12(a)(2) provides that the United States, its agencies or officers must

---

[2] Again. the motions also contain objections to the Commissioner's motion to dismiss.

4

serve an answer to a complaint within 60 days after service on the United States attorney. This period is applicable here because the Commissioner is an officer of the United States and the Social Security Administration is a federal agency. Within that allotted time, together with court sanctioned extensions, Defendant filed a motion to dismiss. That is a response under the rules and tolls the time required to answer the complaint. Fed.R.Civ.Pro. 12(a)(4); s*ee also Harris v. Members of Bd. of Governors of Wayne State Univ.,* 2010 WL 3369142, at *1 (E.D.Mich. Aug. 25, 2010) (finding that the plaintiff was not entitled to either an entry of default or default judgment when, "[w]ithout question, [the defendant] filed a motion to dismiss under Rule 12(b)(6)" and "[w]ithout question, [the defendant was] not required to file an answer at [that] time"); *Phelps v. Am. Gen. Fin. Servs.,* 2008 WL 3978318, at *3 (E.D.Mich. Aug. 22, 2008) (noting that "a defendant may properly defend as required by Fed. R. Civ. P. 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim").

Based upon the earliest date of service of a summons here, February 22, 2017, a responsive pleading was due was April 23, 2017. The Commissioner timely moved for an extension on April 20, 2017, without objection by Plaintiff and, as noted above, the Court granted an extension to May 24, 2017 [Doc. 6]. Thereafter, the Commissioner timely filed a motion to dismiss pursuant to Fed. R. Civ. P 12(b) on May 23, 2017 [Doc. 7]. The Commissioner's time to file an answer was tolled as a result.

Entry of a default judgment is only appropriate where a defendant fails to plead or otherwise defend an action. Fed.R.Civ.Pro. 55(a). The Commissioner's motion to dismiss the complaint pursuant to Fed.R.Civ.Pro. 12(b)(1) and (6) was a proper response to Plaintiff's complaint. Therefore, Plaintiff is not entitled to an entry of default or default judgment. The

5

undersigned recommends that his motions [Docs. 9 and 11] be DENIED.[3]

## II.     Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6)

The essence of Plaintiff's Complaint, including its attachments, is that Plaintiff believes the Commissioner erred by refusing to reopen his 2011 claim for social security disability benefits based on his submission of evidence during the course of his 2016 application for SSI. Defendant argues that the Court lacks subject matter jurisdiction over such a claim pursuant to Fed. R. Civ. P. 12(b)(1). The Court agrees.

The Court initially observes that the Social Security regulations for both SSDI and SSI claims explicitly state that a denial of a request to reopen a determination or decision is not subject to judicial review. *See* 40 C.F.R. § 404.903(l) and 416.1403(a)(5)("Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart, and they are not subject to judicial review. These actions include, but are not limited to, an action … (l) Denying your request to reopen a determination or a decision").

Not only do the regulations not permit judicial review of the Commissioner's decision not to reopen a claim, the Supreme Court also found Congress has not authorized it in this area. See *Califano v. Sanders*, 430 U.S. 99 (1977). In *Califano,* the Supreme Court noted that Congress has not provided for review of denials of reopening requests. It noted that "Congress' determination to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty is to respect that choice." *Id.* at 108. Ultimately, the Supreme Court noted that 42 U.S.C. 405(g) does not

---

[3] It is unnecessary for the Court to address a default under Fed. R. Civ. P. 55(d) as grounds do not exist to support entry of a default or default judgment here. Nonetheless, the Court observes that Rule 55(d) allows a default against the United States or its officers or agencies "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Again, the Plaintiff has presented no evidence whatsoever to support his motion and would not be entitled to relief.

6

afford subject matter jurisdiction where a party seeks an "additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits." *Id.* That is precisely Plaintiff's argument here. He wants another opportunity to establish his 2011 claim for benefits by submitting evidence in 2016. Section 405(g) does not permit judicial review of that decision of the Commissioner.

The only basis on which Plaintiff could seek judicial review of the Commissioner's decision not to reopen would be on constitutional grounds. *Glazer v. Comm'r of Soc. Sec.*, 92 F.App'x 312 (6th Cir. 2004); *Cottrell v. Sullivan*, 987 F.2d 342 (6th Cir. 1992). The Sixth Circuit has further interpreted *Sanders* as requiring reviewing courts to determine whether a claimant has established a colorable constitutional claim. *Glazer*, 92 F.App'x at 315. "Absent any colorable constitutional claim, a federal court has no jurisdiction to review the Commissioner's decision not to reopen. [Citation omitted]. The use of constitutional language to "dress up" a claim of abuse of discretion in refusing to reopen an application does not create a colorable constitutional challenge." *Glazer*, 92 F.App'x at 315 (citing *Ingram v. Sec'y of Health & Human Servs*, 830 F.2d 67, 67-68 (6th Cir. 1987)).

Here, Plaintiff seeks judicial review of a decision not to reopen a prior social security claim for the consideration of new evidence. He does not allege even a colorable constitutional claim. Based upon the applicable regulations and controlling case law, the Court finds that subject matter jurisdiction is absent and the case should be dismissed. *See also* Fed. R. Civ. P. 12(3). The undersigned recommends that Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) be GRANTED.[4]

---

[4] Defendant has made further arguments in support of dismissal. However, because the lack of subject matter is dispositive, consideration of such issues is unnecessary.

7

Case 2:17-cv-00030-HSM-SKL    Document 15    Filed 09/28/17    Page 7 of 8    PageID #: 241

**III.     Conclusion**

The Court RECOMMENDS that Plaintiff's motions for default judgment [Docs. 9 and 11] be DENIED and the Commissioner's motion to dismiss [Doc. 7] be GRANTED for the reasons stated herein.[5]

Respectfully Submitted,

s/ Clifton L. Corker
United States Magistrate Judge

---

[5] Any objections to this Report and recommendation must be filed within fourteen (l4) days after service of a copy of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).