UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| JOHN P. GREER, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 2:17-cv-30 |
| v. | ) | |
| | ) | Judge Mattice |
| COMMISSIONER OF SOCIAL | ) | Magistrate Judge Lee |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| *Defendant*. | ) | |

## **ORDER**

On September 28, 2017, former United States Magistrate Judge Clifton L. Corker[1] filed his Report and Recommendation (Doc. 15) pursuant to 28 U.S.C. § 636 and the standing order of the Court, SO-09-01, referring all complaints for judicial review of denial of Social Security benefits to the assigned magistrate judge for disposition of all pretrial motions and for reports and recommendations on all dispositive motions.

Judge Corker recommends that Plaintiff's Motions for Default Judgment (Docs. 9 & 11) be denied and Defendant's Motion to Dismiss (Doc. 7) be granted. Plaintiff timely objected to certain aspects of the Report and Recommendation. The Court has reviewed the Report and Recommendation, as well as the record, and it agrees with Judge Corker's well-reasoned conclusions.

## I. FACTUAL BACKGROUND

The Report and Recommendation summarizes the facts of the case as follows:

> In 2011, the Commissioner denied Plaintiff Social Security Disability Income ("SSDI") benefits under Title II of the Social Security Act ("SSA"). The Court will refer to this as Plaintiff's "2011 claim." Her denial of

---

[1] Judge Corker has since been sworn in as a United States District Judge for this District and the matter reassigned to Magistrate Judge Lee.

Plaintiff's 2011 claim was upheld by the Appeals Council in 2013 [Doc. 1-2, p. 29]. Plaintiff appealed that denial to this Court, which affirmed the decision finding him not disabled. See *Greer v. Comm'r of Soc. Sec.*, 2:13-cv-00158, 2014 WL 4095251 (E.D. Tenn. Aug. 19, 2014).

In 2016, Plaintiff applied for and was awarded Supplemental Security Income ("SSI") benefits under Title XVI of the SSA [Doc. 1-2, pp. 25-36]. During the course of this application, he requested the Commissioner to consider evidence pertaining to his 2011 claim. The Commissioner refused to reopen the 2011 claim. Notwithstanding that, the Commissioner found Plaintiff disabled and awarded him benefits under Title XVI.

On February 13, 2017, Plaintiff filed this complaint, challenging the Commissioner's decision not to reopen his 2011 claim. Plaintiff alleges in his complaint that "[t]he SSA refused to consider new and substantial evidence supporting a Title II SSDI claim for social security benefits (CFR 404.989) that would have changed the outcome of the claim." [Doc. 1, p.1]. He filed with his complaint a three page type written letter.

In this letter, Plaintiff first claims that he provided two items of new evidence he believes support his 2011 claim that had not been reviewed by the ALJ [Doc. 1-1, p. 1]. Plaintiff sought to present this material regarding his 2011 claim at his 2016 SSI hearing and asserts he was told that the SSDI evidence "must be reviewed before the hearing officer can move on to SSI as the payment source for benefits. (Rule #404.989 CFR)." [Doc. 1-1, p. 1]. Plaintiff next asserts that his 2016 hearing was postponed to permit a psychological consultation examination. He then alleges the following:

> Yet, during the hearing I was informed by my then attorney, that the ALJ wasn't going to consider the psychological in my case at all. She proceeded to tell my father that his IQ was below normal functioning level and that the psychologist recommended that my father may not be left alone at home. Apparently, the evaluation also identified that the condition that my father suffers from has been there for many years. Certainly, before the first Social Security benefits hearing in 2011. We don't have a copy of that psychological evaluation, so I am unable to submit it at this time. It was ordered and performed by disability services.

[Doc. 1-1, p. 2]. Plaintiff's third claim is that the "ALJ ... absolutely refused to reopen the previous claim for Title II SSDI benefits" when the Plaintiff tried to submit evidence supporting the prior SSDI claim. [Doc. 1-1, p. 2]. Plaintiff specifically asserts he attempted to show the transcript of the 2011 hearing and a cardiology report applicable to the 2011 claim, and the ALJ refused to accept or review it. [Id.]

> Finally, Plaintiff states he "appealed [to the Appeals Council] the fact that the [ALJ] of July 2016 had refused to reopen my claim for SSDI benefits, even though there was new evidence submitted that supported claim." [Doc. 1-1, p. 3]. The Appeals Council denied relief and Plaintiff alleges it did not address his complaints [as set forth in Doc. 1-2, pp. 40-45], all of which focused on the ALJ's refusal to reopen the 2011 claim in his 2016 hearing regarding his new and unrelated SSI application. While his appeal is from this successful 2016 claim, he does not challenge the Commissioner's award of SSI benefits.
>
> In lieu of an answer, the Commissioner moved to dismiss the Complaint for lack of subject matter jurisdiction and for the failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6) [Doc. 7]. Plaintiff moved for a default judgment claiming that the Commissioner failed to answer, although the primary focus of the motion is a response to the Commissioner's motion to dismiss. [Doc. 11].

(Doc. 15 at 1-3). Plaintiff does object to minor details in this factual summary, but for the reasons stated below, these objections are immaterial.

## II. STANDARD OF REVIEW

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

## III.     ANALYSIS

Judge Corker recommends denying Plaintiff's motions for default judgment in light of Defendants' timely-filed motion to dismiss. (Doc. 15 at 5-6). Plaintiff does not object to this aspect of the Report and Recommendation and it will be adopted.

Judge Corker also recommends the Motion to Dismiss (Doc. 7) be granted because the Court lacks subject matter jurisdiction to review the Commissioner's denial of a request to reopen a determination or decision on an SSDI or SSI claim. (Doc. 15 at 6). Plaintiff objects to this determination and lodges the following specific objections:

(1)     The Report and Recommendation erroneously referred to certain medical documentation as a "cardiology report," rather than a Residual Functional Capacity exam/ assessment;

(2)     The Report and Recommendation erroneously stated Plaintiff did not challenge the Commissioner's award of SSI benefits;

(3)     The Report and Recommendation erroneously characterized Plaintiff's motion for default judgment as responsive to Defendant's motion to dismiss;

(4)     The Report and Recommendation erroneously found Plaintiff did not assert a colorable constitutional claim.

Plaintiff concedes in his Reply that the document he refers to as a "residual functional capacity" document was in fact a "medical source statement." (Doc. 18 at 1). This objection, as well as the second and third objections above, are immaterial to Judge Corker's finding that the Court lacks subject matter jurisdiction over this action. Even if sustained, these objections would not impact the resolution of the Motion to Dismiss because they do not establish subject matter jurisdiction. For his fourth objection, Plaintiff argues the refusal to reopen his 2011 claim violated his due process rights. Unlike

4

his other objections, this contention, if true, might confer subject matter jurisdiction on the Court. Nonetheless, Judge Corker determined that Plaintiff failed to present a colorable constitutional claim and the Court agrees.

As detailed in the Report and Recommendation, a district court lacks jurisdiction to review the denial of a request to reopen a prior decision regarding social security benefits except on constitutional grounds. Indeed, the regulations explicitly state:

> Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart, and they are not subject to judicial review. These actions include, but are not limited to, an action... Denying your request to reopen a determination or a decision.

20 C.F.R. § 404.903(l); *see* 20 C.F.R. § 416.1403(a)(5); *Califano v. Sanders*, 97 S. Ct. 980, 107-8 (1977) (district court lacked jurisdiction to review denial of a request to reopen social security disability decision). In *Califano v. Sanders*, the Supreme Court of the United States noted that a petition to reopen a prior decision regarding Social Security benefits may be denied without a hearing and moreover, is an opportunity created by regulation, not required by statute. *Id.* at 108. The Supreme Court acknowledged that there may be "rare instances" where a petition to reopen a denial of benefits would be challenged on constitutional grounds and judicial review would therefore be available.

Plaintiff is not entitled to judicial review of the decision not to reopen his claim for several reasons. To begin with, Plaintiff concedes his request to reopen was not made within four years of the date of the notice of the initial determination (Doc. 14), and thus was not subject to being reopened for "good cause," including new evidence, pursuant to 20 C.F.R. § 404.988(b) and § 404.989(a). Plaintiff instead asserts his claim should have been reopened pursuant to 20 C.F.R. § 404.988(c)(8), which permits a claim to be reopened at any time if it "is fully or partially unfavorable to a party, but only to correct a

5

clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made." Yet "new evidence" by definition is not an error on the face of the evidence; it is evidence that was previously omitted from the record.

Plaintiff also argues the ALJ was openly hostile and threatening towards him during the 2016 proceedings, preventing him from presenting his argument regarding reopening at the 2016 hearing. (Doc. 10 at 2). He claims he did not understand the ramifications of altering his onset date and was coerced into doing so by the administrative law judge. (*Id.*). The Court has reviewed the transcript of the 2016 hearing and finds no constitutional deficiency.

First, the transcript reflects that Plaintiff was represented by counsel, that counsel discussed his case with him prior to the hearing, and that he was asked if he understood and confirmed that he did. (Doc. 10-1 at 19-20). The transcript also reflects the hostile and almost threatening comments of the administrative law judge. (*Id.*). While this colloquy was unfortunate, it does not give rise to a constitutional violation. Plaintiff had no right to a hearing on his request to reopen, and thus his constitutional rights were not violated when the ALJ refused to allow him to be heard on his request.

Finally, Plaintiff has not made any attempt to connect the assertion of a colorable constitutional claim with the facts alleged in the Complaint. Indeed, he references a due process violation for the first time in his objection to the Report and Recommendation. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1427 (10th Cir. 1996); *AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857 (6th Cir. 2019) ("Indeed, a district court never abuses its discretion when it holds that an issue not actually presented to a

magistrate judge is forfeited."). The Court acknowledges that Plaintiff is proceeding *pro se*, but that does not relieve him of the obligation to allege all material elements of a viable cause of action. *Russell v. Tenn. Dep't of Corr.*, 99 F. App'x 575, 577 (6th Cir. 2004). "[T]he court is not required to either guess the nature of or create a litigant's claim." *Id.*

"Absent any colorable constitutional claim, a federal court has no jurisdiction to review the Commissioner's decision not to reopen." *Glazer v. Commissioner of Social Security*, 92 F. App'x 312, 314 (6th Cir. 2004). Plaintiff has not alleged a colorable constitutional claim and accordingly, the Court lacks jurisdiction to consider the Commissioner's refusal to reopen his prior case.

Accordingly, it is **ORDERED** that Plaintiff's Objection to the Report and Recommendation (Doc. 16) is **OVERRULED.** The Court **ACCEPTS** and **ADOPTS** Judge Corker's findings of fact and conclusions of law as set forth in the Report and Recommendation (Doc. 15); Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**; and Plaintiff's Motions for Default Judgment (Docs. 9 & 11) are **DENIED**. This case is **DISMISSED** and a separate judgment shall enter.

**SO ORDERED** this the 30th day of September, 2019.

                                                    */s/ Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE